John Quarello and Alba Quarello
PO Box 3123
Apple Valley, CA 92307
760-964-0294

John Quarello and Alba Quarello, In Pro Se

FILED

JUN 23 2010

CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY:                    Deputy Clerk

# UNITES STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

In Re:                              ) Case No.: 6:09-bk-16684-CB
                                    )
JOHN QUARELLO and                   ) **FOURTH AMENDED PLAN OF**
                                    ) **REORGANIZATION, MODIFIED JUNE**
ALBA QUARELLO                       ) **14, 2010**
                                    )
        Debtors,                    )
                                    )
                                    )
                                    )
                                    )
                                    )
                                    )

---

**JOHN QUARELLO AND ALBA QUARELLO, FOURTH AMENDED
PLAN OF REORGANIZATION, MODIFIED JUNE 14, 2010**

**Individual Case under Chapter 11**

**ARTICLE I**
**SUMMARY**

This Plan of Reorganization (the "Plan") under chapter 11 of the Bankruptcy Code

(the "Code") proposes to pay creditors of John Quarello and Alba Quarello (the "Debtors")

from cash flow from rentals and from other monthly income sources. This Plan provides for ten classes of secured claims, one class of unsecured claims. Unsecured creditors holding allowed claims will receive distributions, which the proponent of this Plan has valued at approximately 2 cents on the dollar.

All creditors should refer to Articles VI of this Plan for information regarding the precise treatment of their claim.  A disclosure statement that provides more detailed information regarding this Plan and the rights of creditors and has been circulated with this Plan.

### ARTICLE II
### CLASSIFICATION OF CLAIMS AND INTERESTS

Class 1     The claim of Countrywide Funding, to the extent allowed as a secured claim under § 506 of the Code for rental property located at 12267 6th Avenue, Victorville, California.

Class 2     The claim of Downey Savings, to the extent allowed as a secured claim under § 506 of the Code. Rental property located at 12258 Jasmine Court, Victorville, California.

Class 3     The claim of Downey Savings, to the extent allowed as a secured claim under § 506 of the Code. Rental property located at 13591 Limestone Circle, Victorville, California.

Class 4     The claim of GMAC, to the extent allowed as a secured claim under § 506 of the Code. Rental property located at 13620 Taurus Lane, Victorville, California.

Class 5     The claim of Washington Mutual Bank, to the extent allowed as a secured claim under § 506 of the Code. Debtors' Residence located at 23120 Cherokee Road, Apple Valley, California.

Class 6     The claim of Washington Mutual Bank, to the extent allowed as a secured claim under § 506 of the Code. Rental property located at 13595 Ironstone Circle, Victorville, California.

Class 7     The claim of Washington Mutual Bank, to the extent allowed

as a secured claim under § 506 of the Code. Rental property located at 13742 Mount Baldy Way, Victorville, California.

**Class 8**    The claim of Washington Mutual Bank, to the extent allowed as a secured claim under § 506 of the Code. Rental Property located at 16218 Jasmine Street, Victorville, California.

**Class 9**    The claim of American General Finance to the extent allowed as a secured claim under § 506 of the Code

**Class 10**    The claim of American General to the extent allowed as secured claim under § 506 of the Code.

**Class 11**    All unsecured claims allowed under § 502 of the Code.

## ARTICLE III
## U.S. TRUSTEES FEES

United States Trustee Fees.  All fees required to be paid by 28 U.S.C. §1930(a)(6) (U.S. Trustee Fees) will accrue and be timely paid until the case is closed, dismissed, or converted to another chapter of the Code.  Any U.S. Trustee Fees owed on or before the effective date of this Plan will be paid on the effective date.

## ARTICLE IV
## TREATMENT OF CLAIMS AND INTERESTS UNDER THE PLAN

Claims shall be treated as follows under this Plan:

**Class 1.**  Class 1 is the claim of Countrywide Funding, which is secured by a first deed of trust on the real property located at 12267 6th Street, Victorville, CA.  This class is impaired by this plan. Pursuant to the order of the Bankruptcy Court entered on October 27, 2009, this claim shall be a secured claim to the extent of $77,000. The balance of this claim shall be a general unsecured claim.

Until its secured claim is paid in full as allowed in this bankruptcy case, the creditor holding this claim will retain the lien securing its claim, but only to the extent of its allowed

secured claim. The loan payment terms are modified as of the Effective Date to provide that the principal of $77,000.00 shall bear interest at the fixed rate of 5.25% per annum, and the Debtors shall pay principal and interest at the rate of $425.20 per month for a period of 360 months until the principal balance is paid in full.

The loan shall be fully amortized over thirty years (with no balloon payment due at the end) and payments shall continue at the same rate until the loan is paid in full, at which time the lien securing this claim shall be released.  Debtors shall include in the monthly payment to creditor an additional amount of $105.83 for impounds for insurance and taxes. Taxes are estimated to be $64.16 per month. The amount estimated for Insurance per month is $41.66. Total payment to creditor shall be $531.02 per month.

Modifications to Countrywide's claim is contingent on completion of the Plan and entry of a discharge in this case, and should this case be dismissed or converted, the entire amount of Countrywide's claim will remain secured by the deed of trust and be unaffected by this Bankruptcy.

Monthly payments shall commence on the first day of the month following the Effective Date of the plan. The Assessors Parcel number is 3091322410000 and the claim number in the claims register is 13.

**Class 2.**   Class 2 is the claim of <u>Downey Savings</u>, which is secured by a first deed of trust on the real property located at 12258 Jasmine Ct., Victorville, CA.  This class is impaired by this plan. Pursuant to the order of the Bankruptcy Court entered on September 24, 2009, this claim shall be a secured claim to the extent of $99,000. The balance of this claim shall be a general unsecured claim.

Until its secured claim is paid in full as allowed in this bankruptcy case, the creditor holding this claim will retain the lien securing its claim, but only to the extent of its allowed secured claim. The loan payment terms are modified as of the Effective Date to provide that the principal of $99,000.00 shall bear interest at the fixed rate of 5.25% per annum, and the Debtors shall pay principal and interest at the rate of $546.68 per month for a period of 360 months until the principal balance is paid in full.

The loan shall be fully amortized over thirty years (with no balloon payment due at the end) and payments shall continue at the same rate until the loan is paid in full, at which time the lien securing this claim shall be released..

There currently exists a property tax liability which is being paid on a payment plan with San Bernardino Taxing Authority; this is a 5 year payment plan which commenced with a payment of $1,235.57. The current balance is $1,787.88 and will be paid by monthly payments in the amount of $23.05. The County of San Bernardino Taxing Authority is considered unimpaired. Future property taxes will be paid from Debtors reserve funds associated with this property directly to the San Bernardino Taxing Authority. Insurance premiums will be paid by the Debtors from their reserve funds associated with this property directly to the insurance carrier.

Modifications to Downey Saving's claim is contingent on completion of the Plan and entry of a discharge in this case, and should this case be dismissed or converted, the entire amount of Downey Saving's claim will remain secured by the deed of trust and be unaffected by this Bankruptcy.

Monthly payments shall commence on the first day of the month following the Effective Date of the plan. The Assessors Parcel number is 3091322450000 and the claim number in the claims register is # 2(original) & # 19 (stipulated).

**Class 3.**  Class 3 is the claim of <u>Downey Savings</u>, which is secured by a first deed of trust on the real property located at 13591 Limestone Cir., Victorville, CA.  This class is impaired by this plan. Pursuant to the order of the Bankruptcy Court entered on December 23, 2009, this claim shall be a secured claim to the extent of $80,000. The balance of this claim shall be a general unsecured claim.

Until its secured claim is paid in full as allowed in this bankruptcy case, the creditor holding this claim will retain the lien securing its claim, but only to the extent of its allowed secured claim. The loan payment terms are modified as of the Effective Date to provide that the principal of $80,000.00 shall bear interest at the fixed rate of 5.25% per annum, and the Debtors shall pay principal and interest at the rate of $441.76 per month for a period of 360 months until the principal balance is paid in full.

The loan shall be fully amortized over thirty years (with no balloon payment due at the end) and payments shall continue at the same rate until the loan is paid in full, at which time the lien securing this claim shall be released..

Debtors shall include in the monthly payment to creditor an additional amount of $108.32 for impounds for insurance and taxes. Taxes are estimated to be $66.66 per month. The amount estimated for Insurance per month is $41.66. Total payment to creditor shall be $550.08 per month.

Modifications to Downey Saving's claim is contingent on completion of the Plan and entry of a discharge in this case, and should this case be dismissed or converted, the entire amount of Downey Saving's claim will remain secured by the deed of trust and be unaffected by this Bankruptcy.

Monthly payments shall commence on the first day of the month following the Effective Date of the plan. The Assessors Parcel number is 3095141170000 and the claim number in the claims register is 3.

**Class 4.** Class 4 is the claim of <u>GMAC</u>, which is secured by a first deed of trust on the real property located at 13620 Taurus Lane., Victorville, CA. This class is impaired by this plan. Pursuant to the order of the Bankruptcy Court entered on November 24, 2009, this claim shall be a secured claim to the extent of $85,000. The balance of this claim shall be a general unsecured claim.   Until its secured claim is paid in full as allowed in this bankruptcy case, the creditor holding this claim will retain the lien securing its claim, but only to the extent of its allowed secured claim. The loan payment terms are modified as of the Effective Date to provide that the principal of $85,000.00 shall bear interest at the fixed rate of 5.25% per annum, and the Debtors shall pay principal and interest at the rate of $469.37 per month for a period of 360 months until the principal balance is paid in full.

The loan shall be fully amortized over thirty years (with no balloon payment due at the end) and payments shall continue at the same rate until the loan is paid in full, at which time the lien securing this claim shall be released.  Debtors shall include in the monthly payment to creditor an additional amount of $112.49 for impounds for insurance and taxes.

Taxes are estimated to be $70.83 per month. The amount estimated for Insurance per month is $41.66. Total payment to creditor shall be $581.86 per month.

Modifications to GMAC's claim is contingent on completion of the Plan and entry of a discharge in this case, and should this case be dismissed or converted, the entire amount of GMAC's claim will remain secured by the deed of trust and be unaffected by this Bankruptcy.

Monthly payments shall commence on the first day of the month following the Effective Date of the plan. The Assessors Parcel number is 30952114200000 and the claim number in the claims register is 10.

**Class 5.**  Class 5 is the claim of <u>JPMorgan Chase Bank, National Association</u> ("JPMorgan"), which is secured by a first deed of trust on the real property located at 23120 Cherokee Rd, Apple Valley, CA. This class is unimpaired by this plan. Balance owed to creditor will remain unchanged by the Plan. Monthly payment of $2253.32 will remain unchanged. This payment amount includes principal interest and impounds for taxes and insurance.

Monthly payments shall commence on the first day of the month following the Effective Date of the plan. The Assessors Parcel number is 0439022530000 and the claim number in the claims register is 8.

**Class 6.**  Class 6 is the claim of <u>JPMorgan Chase Bank, National Association</u> ("JPMorgan"), which is secured by a first deed of trust on the real property located at 13595 Ironstone Circle, Victorville, CA. This class is impaired by this plan. Pursuant to the order of the Bankruptcy Court entered on September 24, 2009, this claim shall be a secured claim to the extent of $80,000. The balance of this claim shall be a general unsecured claim.

Until its secured claim is paid in full as allowed in this bankruptcy case, the creditor holding this claim will retain the lien securing its claim, but only to the extent of its allowed secured claim. The loan payment terms are modified as of the Effective Date to provide that the principal of $80,000.00 shall bear interest at the fixed rate of 5.25% per annum,

and the Debtors shall pay principal and interest at the rate of $441.76 per month for a period of 360 months until the principal balance is paid in full.

The loan shall be fully amortized over thirty years (with no balloon payment due at the end) and payments shall continue at the same rate until the loan is paid in full, at which time the lien securing this claim shall be released..

Debtors shall include in the monthly payment to creditor an additional amount of $108.32 for impounds for insurance and taxes. Taxes are estimated to be $66.66 per month. The amount estimated for Insurance per month is $41.66.Total payment to creditor shall be $550.08 per month.

Modifications to JPMorgan's claim is contingent on completion of the Plan and entry of a discharge in this case, and should this case be dismissed or converted, the entire amount of JPMorgan's claim will remain secured by the deed of trust and be unaffected by this Bankruptcy.

Monthly payments shall commence on the first day of the month following the Effective Date of the plan. The Assessors Parcel number is 3095133270000 and the claim number in the claims register is 7.

**Class 7.** Class 7 is the claim of <u>JPMorgan Chase Bank, National Association</u> ("JPMorgan"), which is secured by a first deed of trust on the real property located at 13742 Mt. Baldy Way, Victorville, CA   This class is impaired by this plan. Pursuant to the order of the Bankruptcy Court entered on December 23, 2009, this claim shall be a secured claim to the extent of $70,000. The balance of this claim shall be a general unsecured claim.

Until its secured claim is paid in full as allowed in this bankruptcy case, the creditor holding this claim will retain the lien securing its claim, but only to the extent of its allowed secured claim. The loan payment terms are modified as of the Effective Date to provide that the principal of $70,000.00 shall bear interest at the fixed rate of 5.25% per annum, and the Debtors shall pay principal and interest at the rate of $386.54 per month for a period of 360 months until the principal balance is paid in full. The loan shall be fully amortized over thirty years (with no balloon payment due at the end) and payments shall continue at the same rate until the loan is paid in full, at which time the lien securing this claim shall be released.

FOURTH AMENDED PLAN OF REORGANIZATION
MODIFIED JUNE 14TH

Debtors shall include in the monthly payment to creditor an additional amount of $118.32 for impounds for insurance and taxes. Taxes are estimated to be $76.66 per month. The amount estimated for Insurance per month is $41.66.. Total payment to creditor shall be $504.86 per month.

Modifications to JPMorgan's claim is contingent on completion of the Plan and entry of a discharge in this case, and should this case be dismissed or converted, the entire amount of JPMorgan's claim will remain secured by the deed of trust and be unaffected by this Bankruptcy.

Monthly payments shall commence on the first day of the month following the Effective Date of the plan. The Assessors Parcel number is 30952123400000 and the claim number in the claims register is 4.

**Class 8.**  Class 6 is the claim of <u>JPMorgan Chase Bank, National Association</u> ("JPMorgan"), which is secured by a first deed of trust on the real property located at 16218 Jasmine St., Victorville, CA. This class is impaired by this plan. Pursuant to the order of the Bankruptcy Court entered on September 24, 2009, this claim shall be a secured claim to the extent of $125,900.00. The balance of this claim shall be a general unsecured claim.

Until its secured claim is paid in full as allowed in this bankruptcy case, the creditor holding this claim will retain the lien securing its claim, but only to the extent of its allowed secured claim. The loan payment terms are modified as of the Effective Date to provide that the principal of $125,900.00 shall bear interest at the fixed rate of 5.25% per annum, and the Debtors shall pay principal and interest at the rate of $695.22 per month for a period of 360 months until the principal balance is paid in full. The loan shall be fully amortized over thirty years (with no balloon payment due at the end) and payments shall continue at the same rate until the loan is paid in full, at which time the lien securing this claim shall be released.

Debtors shall include in the monthly payment to creditor an additional amount of $121.71 for impounds for insurance and taxes. Taxes are estimated to be $80.05 per month. The amount estimated for Insurance per month is $41.66. Total payment to creditor shall be $816.93 per month.

FOURTH AMENDED PLAN OF REORGANIZATION
MODIFIED JUNE 14TH

Modifications to JPMorgan's claim is contingent on completion of the Plan and entry of a discharge in this case, and should this case be dismissed or converted, the entire amount of JPMorgan's claim will remain secured by the deed of trust and be unaffected by this Bankruptcy.

Monthly payments shall commence on the first day of the month following the Effective Date of the plan. The Assessors Parcel number is 3091322050000 and the claim number in the claims register is 9.

**Class 9.** Class 9 is the claim of <u>American General Finance</u> which is secured by a note, secured by Household Furniture. This class is impaired by this plan. The loan payment terms are modified as of the Effective Date to provide that the principal of $804.45 shall bear interest at the fixed rate of 5.00% per annum. The monthly payment shall be $15.18 per month for 60 months. Monthly payments shall commence on the first day of the month following the effective date of this Plan. The claim number in the claims register is 1

**Class 10.** Class 10 is the claim of <u>American General </u>which is secured by a note, secured by a 2001 Ford Crown Victoria auto and a Trail Cruiser, trailer. This class is impaired by this plan. The loan payment terms are modified as of the Effective Date to provide that the principal of $2,562.00 shall bear interest at the fixed rate of 5.00% per annum. The monthly payment shall be $48.34 per month for 60 months. Monthly payments shall commence on the first day of the month following the effective date of this Plan. the claim number in the claims register is 20.

### 2.    *Class of General Unsecured Claims*

General unsecured claims are not secured by property of the estate and are not entitled to priority under § 507(a) of the Code.

**Class 11** General Unsecured Creditor debt is $1,012,342.50 Total Payment under the Plan is $20,246.85.

The Debtors shall pay their projected net disposable income of $337.00 per month for a period of five (5) years into an interest bearing trust account at a federally insured bank which shall be known as the "Quarello Plan Trust Account". Funds held in this account

shall be property of the bankruptcy estate as defined in 11 U.S.C. §541(a)(7). The total number of payments shall be 60.

The failure of the Debtors to make the monthly of payments into the Quarello Plan Trust Account, or the failure to make the semiannual disbursements from the Quarello Plan Trust Account, in a timely fashion shall constitute a default by the Debtors. Upon a default by the Debtors, any holder of an allowed unsecured claim that has not been satisfied as of the time of the default may make a written demand on the Debtors to cure the default. If the Debtors do not cure the default within ten (10) days of such written notice of default, then the party giving the written notice may file a motion in the Bankruptcy Court to convert the case to Chapter 7 pursuant to 11 U.S.C. § 1112(b)(8). The notice shall be given pursuant to Bankruptcy Rule 2002(a). In the event this Chapter 11 case is converted to Chapter 7 after confirmation of the plan, all non-exempt assets of the Debtors shall transfer to, and vest in the Chapter 7 bankruptcy estate on the date conversion..

This class includes unsecured portion of secured assets and unsecured claims of foreclosed out junior lien holders. Any amounts unpaid at the end of 60 months shall be discharged. Monthly payments shall commence on the first day of the month following the latter of the effective date of this Plan as defined in Article VII, or the date on which such claim is allowed by a final nonappealable order.

### 3.    *Claim of the County of San Bernardino Taxing Authority*

The San Bernardino County Taxing Authority will retain its liens until paid in full.  Any applicable interest will accrue under sections 11 USC sections 506 and 511. Parcels, 0439022530000, 3091322050000, 30951322410000, 3095133270600, 3095141170000, 30952114200000, 30952123400000 are included in an impound account and regular payments per month have been paid to the lenders for the secured real property taxes, which are further outlined in the cash collateral orders. This arrangement will continue after confirmation of the Plan.  Parcel 3091322450000 (12258 Jasmine Court, Victorville, California) is currently being paid on a 5 year payment plan which commenced with a payment of $1,235.57. Parcels 0436061400000 and 0436061500000 (Raw land) will be paid by Debtors directly and will be paid in full.

A failure by the Debtors to make a payment to San Bernardino pursuant to the terms of the Plan shall be an Event of Default. If the Debtors fail to cure an Event of Default as to

tax payment within ten(10) days after service of written notice of default, then it my enforce the entire amount of its claim, plus all penalties and interest accrued under state law, against the Debtors in accordance with applicable state law remedies.

## ARTICLE V

## ALLOWANCE AND DISALLOWANCE OF CLAIMS

5.1    Disputed Claim.  A disputed claim is a claim that has not been allowed or disallowed by a final non-appealable order, and as to which either: (i) a proof of claim has been filed or deemed filed, and the Debtor or another party in interest has filed an objection; or (ii) no proof of claim has been filed, and the Debtor has scheduled such claim as disputed, contingent, or unliquidated. An unliquidated claim is a claim in which the amount and liability have not been precisely determined and which cannot be determined without an evidentiary hearing.

5.2    Delay of Distribution on a Disputed Claim.
No distribution will be made on account of a disputed claim unless such claim is allowed by a final non-appealable order.

5.3    Settlement of Disputed Claims.  The Debtors will have the power and authority to settle and compromise a disputed claim with court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure.

# ARTICLE VI

## PROVISIONS FOR UNEXPIRED LEASES

### Assumed unexpired leases.

6.1. Yearly renewable rental assistance agreements to which Debtors are the lessors

| with: Name | Property Address | Lease start date | Lease end date | Amount |
|---|---|---|---|---|
| Sthefan Lopez | 13591 Limestone Circle | 1/1//10 | 12/31//10 | Rent =$900.00 Landlord pays: trash $40.00/mth and landscaping $125/mth |
| Kenya Hunter | 13585 Ironstone Circle | 6/7/09 | 6/7/10 | Rent =$1300.00 Landlord pays: trash $40.00/mth and landscaping $125/mth |
| Lilli Wright | 13620 Taurus Lane | 12/15/09 | 12/30/10 | Rent =$1150.00 Landlord pays: trash $40.00/mth and landscaping $125/mth |
| Rachel Hunter | 13742 Mount Baldy Way | 5/27/09 | 5/26/10 | Rent =$1100.00 Landlord pays: trash $40.00/mth and landscaping $125/mth |
| Christine Collins | 12267 6th Avenue | 12/14/09 | 12/13/10 | Rent =$1100.00 Landlord pays: trash $40.00/mth and landscaping $125/mth Home Owners Association Fee ("HOA")$45.00/mth. |
| Estban Hernandez | 12258 Jasmine Court | 3/1/10 | 2/28/11 | Rent =$1000.00 Landlord pays: trash $40.00/mth and landscaping $125/mth. HOA $45.00/mth. |
| La Vada Posey | 16218 Jasmine Street | 8/4/09 | 8/3-10 | Rent =$1150.00 Landlord pays: trash $40.00/mth and landscaping $125/mth. HOA $45.00/mth. |

6.2. Debtors are not a party to any unexpired leases in which they are the lessees.

# ARTICLE VII

## MEANS FOR IMPLEMENTATION OF THE PLAN

7.1    Funding of this Plan.  This plan will be funded by:

a. Income from the Housing Authority of San Bernardino, Housing Choice Voucher Program and other qualified renters currently renting Debtors' properties will be used to make monthly mortgage payments. Income from rental properties is estimated to be between $6,300 and $9,100 per month. (A figure of $7,700 is used in the projected income and expense statement).

b. Debtor's income from real estate sales by Alba Quarello estimate at $2,000 to $3,000 per month.

c. Debtor's income from sales, John Quarello has recently registered as a as a representative with a securities broker dealer, income is estimated at $500 to $1,000 per month.

d. Debtor's income from Social Security for John Quarello, estimated at $800 to $1,000 per month. (Beginning in September of 2010).

e. Debtors' income from tenant finder fees paid by clients using their services to rent and manage their properties, estimated at $400 to $800/month.

Note:  A figure of $4,500 per month job salary is used in the projected income and expense statement, Exhibit F.

7.2    Managing Debtors' rental property.

a. Debtors will manage their own rental property. The time estimated to be 10 to 15 hours per week shared by both Debtors.

b. Maintenance, repairs and upgrades will be provided by local labor or will be performed by Debtors as time allows.

7.3    Flexibility in rental market Debtors may, as the market demands dictate, furnish either fully or partially their rental property.

7.4    Disbursing Agent. Debtors will employ the services of an escrow company or Debtors will act as their own disbursing agents using a bill pay system offered by debtor's bank. Debtor's payments to the unsecured creditors account will be made monthly payments to creditors will be made on a quarterly basis.

## ARTICLE VIII

## GENERAL PROVISIONS

8.1    <u>Definitions and Rules of Construction.</u> The definitions and rules of construction set forth in §§ 101 and 102 of the Code shall apply when terms defined or construed in the Code are used in this Plan.

8.2    <u>Effective Date of Plan</u>. The effective date of this Plan is the eleventh business day following the date of the entry of the order of confirmation.  But if a stay of the confirmation order is in effect on that date, the effective date will be the first business day after that date on which no stay of the confirmation order is in effect, provided that the confirmation order has not been vacated.

8.3    <u>Severability.</u>    If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan.

8.4    <u>Binding Effect.</u>    The rights and obligations of any entity named or referred to in this Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity.

8.5    <u>Captions</u>. The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan.

8.6    <u>Controlling Effect.</u>    Unless a rule of law or procedure is supplied by federal law (including the Code or the Federal Rules of Bankruptcy Procedure), the laws of the State of California govern this Plan and any agreements, documents, and instruments executed in connection with this Plan, except as otherwise provided in this Plan.]

8.7    <u>At the time this bankruptcy case is closed,</u> all property of the Estate shall become the property of the Debtors. Debtors' right to receive such property shall, upon confirmation of the Plan, become a presently vested future interest which they can transfer, assign or hypothecate.

8.8    <u>The Plan Proponent may modify the Plan</u> at any time before confirmation of the Plan.  However, the Court may require a new disclosure statement and/or revoting on the Plan.

FOURTH AMENDED PLAN OF REORGANIZATION
MODIFIED JUNE 14TH

The Plan Proponent may also seek to modify the Plan at any time after confirmation only if (1) the Plan has not been substantially consummated *and* (2) the Court authorizes the proposed modifications after notice and a hearing.

Upon request of the Debtors, the United States trustee, or the holder of an allowed unsecured claim, the Plan may be modified at any time after confirmation of the Plan but before the completion of payments under the Plan, to (1) increase or reduce the amount of payments under the Plan on claims of a particular class, (2) extend or reduce the time period for such payments, or (3) alter the amount of distribution to a creditor whose claim is provided for by the Plan to the extent necessary to take account of any payment of the claim made other than under the Plan.

## ARTICLE IX
## DISCHARGE

9.1    Debtor's will be entitled to a discharge in their individual chapter 11 case under one of the following conditions;

a. <u>Discharge Upon Completion of Plan Payments</u>.  The discharge will be entered after completion of all plan payments. § 1141(d)(5)(A).

b. <u>Early Discharge For Cause</u>.  A discharge granted prior to completion of all plan payments "for cause." § 1141(d)(5)(A).  For example, if there are sufficient assurances that claims will be paid the full amount provided by the plan, such as from the grant of lien rights or protection under a letter of credit, an early discharge for cause may be warranted under § 1141(d)(5)(A).

c. <u>Early Discharge Under Modified Best Interests Test and Impracticability of Plan Modification</u>.  A discharge granted prior to completion of plan payments if (i) unsecured creditors holding allowed claims have actually received under the plan at least as much as they would have received in a hypothetical chapter 7 case in which the estate assets were liquidated on the plan effective date; and (ii) modification of the plan under section § 1127 is not practicable.  § 1141(d)(5)(B).

1  | Respectfully submitted,

2  | Dated: April 14, 2010

3

4  | By: _____

5  |         John E. Quarello
   |         In Pro Se

6

7  | By: _____

8  |         Alba M. Quarello
   |         In Pro Se

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FOURTH AMENDED PLAN OF REORGANIZATION
MODIFIED JUNE 14TH

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

PO Box 400060
Hesperia, CA 92345

The foregoing document described <u>FOURTH AMENDED PLAN OF REORGANIZATION MODIFIED JUNE 14, 2010</u> will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On *, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☐ Service information continued on attached page

II. **SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served):
On June 21, 2010 _____ I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. *Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed.*

Honorable Catherine E. Bauer

U.S. Bankruptcy Court
3420 Twelfth Street
3rd. Floor
Riverside, California 92501-3819

☒ Service information continued on

III. **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on_____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. *Listing the judge here constitutes a declaration that personal delivery on the judge <u>will be</u> completed no later than 24 hours after the document is filed.*

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

June 21, 2010  Maria Olivares

_____     _____
Date          Type Name          Signature

FOURTH AMENDED PLAN OF REORGANIZATION
MODIFIED JUNE 14TH

## Continuation of Section II

John Edward Quarello
Alba Mercedes Quarello
P.O. Box 3123
Apple Valley, CA 92307
Debtors In Pro Se

Polk, Prober & Raphael
A Law Corporation
20750 Ventura Blvd, #100
Woodland Hills, CA 91367

Elizabeth A. Lossing
Attorney for U.S. Trustee
3685 Main Street, Suite 300
Riverside, CA 92501

AmericanGeneral
Topaz Marketplace
14135 Main St.
Hesperia, CA 92345-8094
(Claim 20)

Bank of America
PO Box 26012
NC4-105-03-14
Greensboro, NC 27420
(Claim 6)

Downey Savings
3501 Jamboree Rd
Att: Dep. 3320
Newport Beach, CA 92660
(Claim 2, 3 and 19)

GMAC Mortgage Corp.
Attn: Mail Code 507-345-110
3451 Hammond Avenue
Waterloo, IA 50702
(Claim 10)

Wells Fargo Card Services
Recovery Department
P.O. Box 9210
Des Moines, IA 50308
(Claim 5)

(25 Total )

Citifinancial Retail
Services
PO Box 140489
Irvine, TX 75014-0489
(Claim 16)

The Members Only
Federal
Credit Union
14250 7ᵗʰ., Streeet
Victorville, CA 92395
(Claim 21)

Wells Fargo
MACX2303-028AU12454
PO Box 14469
Des Moines, IA 50306-9655
(Claim 12)

Chase Bank USA, NA
PO Box 15145
Wilmington DE 19850-5145
(Claim 11)

County of San Bernardino
Treasurer-Tax Collector
172 West 3rd Street
San Bernardino,
California 92415
(Claim 18)

American General
Finance
P.O. Box 3121
Evansville, IN 47731
(Claim 1)

JP Morgan Chase
7255 Baymeadows Way
Mail Stop JAXB2007
Jacksonville, Florida
32256
(Claim 4, 7, 8 and 9)

NCO Portfolio
Management
C.O. Becket and Lee LLP
Atornery/ Agent for
Creditor
PO 3001
Malvern, PA 19355-0701(Claim 17)

Joe M. Lozano, Jr.
JPMorgan Chase Bank,
National Association
7255 Baymeadows Way
Mail Stop JAXB2007
Jacksonville, FL 32256

City of Victorville
P.O. Box 5001
Victorville CA 92393-4999
(Claim 14)

Washington Mutual
7255 Bay Meadows Way
Att: Bankruptcy Dept.
Jacksonville, FL 32256
(Claim 4, 7, 8 and 9)

Edward T. Weber Esq.
505 North Tustin Ave.
Suite 243
Santa Ana, CA 92705

Arturo Cisneros
2122 Business Cntr Dr.
Second Floor
Irvine CA 92612

Martha E. Romero
Romero Las Firm
6516 Bright Avenue
Whittier, CA 90601

BAC Home Loans
Servicing
7105 Corporate Dr
PTX-B-35
Plano, TX 75024
(Claim 13)

Wells Fargo Bank
PO Box 5058
MAC P6053-021
Portland OR 97208
(Claim 15)

Jasmine St. HOA
C/O Law Offices of
Edward W. Hess Jr.
2333 N. Broadway Suite
440
Santa Ana, CA 92706
(Claim 22,23 and 24)

FOURTH AMENDED PLAN OF REORGANIZATION
MODIFIED JUNE 14TH